[Cite as *Denvir v. Donham*, 2013-Ohio-5837.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS DENVIR, | : | **O P I N I O N** |
| Appellee, | : | |
| - vs - | : | CASE NO. 2013-P-0039 |
| ROBERT DONHAM, MAYOR, VILLAGE OF WINDHAM, et al., | : | |
| Appellants. | : | |

Administrative Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 00005.

Judgment: Affirmed.

*Frank J. Cimino,* 250 South Chestnut Street, #18, Ravenna, OH 44266 (For Appellee).

*John D. Latchney,* Tomino & Latchney, L.L.C., L.P.A., 803 East Washington Street, #200, Medina, OH 44256 (For Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} This administrative appeal, filed by appellants, Robert Donham, Mayor Village of Windham, et al., is taken from the final judgment of the Portage County Court of Common Pleas. Appellants challenge the trial court's judgment reversing and vacating a ruling of the Village of Windham Council ("Village Council"). In that proceeding, Village Council heard an appeal from a decision made by the Mayor of the Village of Windham ("Mayor") sustaining an 80-hour employment suspension imposed

by the Chief of Police on appellee, Thomas Denvir.  The Village Council subsequently reduced the suspension from 80 hours to 40 hours.  At issue is whether the trial court's judgment, vacating the entirety of the suspension, was contrary to law. For the reasons discussed in this opinion, we affirm.

{¶2} On October 24, 2011, Village of Windham Police Chief Eugene Fixler served a "complaint" upon appellee, a part-time Village police officer.  The complaint set forth various "unacceptable incidents" relating to appellee's employment.  The complaint further advised appellee, as a result of the instances, he would be suspended from work for 10 days.  The complaint advised appellee the suspension would be certified to the Mayor, who would inquire into the cause of the suspension and render a judgment upon it.  Appellee refused to sign the acknowledgment of receipt of the complaint.

{¶3} On October 26, 2011, the Mayor conducted an investigation and review of the charges contained in the complaint.  After reviewing and investigating the charges outlined in the complaint, the Mayor found the 10-day suspension appropriate.  Appellee subsequently filed a timely appeal of the Mayor's decision to the Village of Windham Council.

{¶4} A hearing was held before Village Council on December 1, 2011.  After taking testimony and other evidence, Village Council entered executive session to deliberate.  After returning to public session, Village Council voted unanimously to reduce appellee's suspension from 10 days to five days.  Appellee filed a timely appeal with the Portage County Court of Common Pleas in which he assigned two errors, each relating to alleged procedural flaws.  First, appellee asserted Chief Fixler violated department procedure by failing to conduct a pre-disciplinary hearing before suspending

2

appellee; appellant also asserted the hearing before Village Council was improper because the Mayor presided over the session at which his hearing took place.

{¶5} On March 27, 2013, the trial court issued its decision, holding the police chief's failure to hold a pre-disciplinary hearing, pursuant the Windham Police Department's Policy and Procedures manual, was a violation of appellee's due process rights. The trial court accordingly determined that appellee's suspension must be reversed and vacated. Given its ruling, the court found appellee's second issue submitted for review was moot. Appellants appeal assigning the following error:

{¶6} "The Portage County Court of Common Pleas erred, as a matter of law, in reversing the Village of Windham Council's decision to reduce Denvir's suspension without pay from ten (10) days to five (5) days, where the Village fully complied with the 'comprehensive plan' for due process contained in R.C. [sec] 737.19 [see *Pullin v. Village of Hiram* (11[th] Dist.), 2003 Ohio 1973, ¶¶34-36], yet the common pleas court nonetheless found the Village violated due process based upon a Police Department Policy and Procedure Manual - - the provisions of which directly conflicted with state law, *i.e.* R.C. [sec.] 737.19(B)."

{¶7} When an appeal is taken, as in this case, under R.C. 2506.01, "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order,

3

adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04.

{¶8} An appeal to the court of appeals, pursuant to R.C. 2506.04, is limited in scope and requires that court to affirm the court of common pleas, unless the court of appeals finds, as a matter of law, the decision of the trial court is not supported by a preponderance of reliable, probative and substantial evidence. *Kisil v. Sandusky,* (1984), 12 Ohio St.3d 30, 34 (1984)  Where the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the court of common pleas strictly on questions of law. *Carrolls Corp. v. Bd. of Zoning Appeals*, 11th Dist. Lake No. 2005-L-110, 2006-Ohio-3411, ¶10.

{¶9} Appellants argue that, because the Village of Windham is a non-charter statutory village, R.C. 737.19(B) sets forth the exclusive procedures by which a village police officer may be disciplined. R.C. 737.19 provides:

{¶10} Except as provided in section 737.162 of the Revised Code, the marshal of a village has the exclusive right to suspend any of the deputies, officers, or employees in the village police department who are under the management and control of the marshal for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause.

{¶11} If an employee is suspended under this section, the marshal immediately shall certify this fact in writing, together with the cause for the suspension, to the mayor of the village and immediately

4

shall serve a true copy of the charges upon the person against whom they are made. Within five days after receiving this certification, the mayor shall inquire into the cause of the suspension and shall render a judgment on it. If the mayor sustains the charges, the judgment of the mayor may be for the person's suspension, reduction in rank, or removal from the department.

{¶12} Suspensions of more than three days, reduction in rank, or removal from the department under this section may be appealed to the legislative authority of the village within five days from the date of the mayor's judgment. The legislative authority shall hear the appeal at its next regularly scheduled meeting. The person against whom the judgment has been rendered may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against that person.

{¶13} At the conclusion of the hearing, the legislative authority may dismiss the charges, uphold the mayor's judgment, or modify the judgment to one of suspension for not more than sixty days, reduction in rank, or removal from the department.

{¶14} Action of the legislative authority removing or suspending the accused from the department requires the affirmative vote of two-thirds of all members elected to it.

{¶15} In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the

legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.

{¶16} In *Pullin v. Hiram*, 11th Dist. Portage No. 2001-P-0146, 2003-Ohio-1973, this court considered whether R.C. 737.19 violated procedural due process to the extent it does not require a pre-disciplinary hearing. In *Pullin*, a police dispatcher was terminated; on appeal, the employee argued she was entitled to a pre-termination hearing before the Mayor could render a decision to affirm the chief-of-police's recommendation of discharge.[1] This court rejected the employee's argument, holding "R.C. 737.19(B) includes due process procedures which specifically required that written notice of charges against an employee of the village police department be served on him/her." *Pullin*, *supra*, at ¶34. And "when the mayor removes an employee, he/she has the right to a hearing before the village legislative authority to appeal the mayor's decision." *Id.* at ¶35. Finally, "if the legislative authority affirms the removal, the employee has the right to appeal to the common pleas court. * * *." *Id.* at ¶36. Given the statutory framework, this court held "R.C. 737.19(B) contains a comprehensive plan for meeting the basic due process concepts of notice, the right to be heard, and the right to appeal." *Pullin, supra,* at ¶34.

{¶17} In this case, the record demonstrates that Chief Fixler, pursuant to his plenary authority to suspend officers of the village police department, served a written "complaint" on appellee advising him of the suspension. The complaint advised

---

1. The employee disciplinary policy at issue in this case was not asserted as a basis for the employee's due process argument in *Pullin*.

6

appellee that, immediately after he was served with the notice of suspension, Chief Fixler was certifying the suspension in writing, together with the cause for the suspension, to the Mayor. Two days after the suspension was served on appellee, the Mayor inquired into the cause of the suspension and sustained the charges. Appellee appealed the suspension to the Village Council and a hearing took place at which appellee had an opportunity to testify. After Village Council issued its decision, appellee appealed to the court of common pleas. The foregoing procedures complied with the statute and were therefore sufficient to meet the demands of due process.

{¶18} Appellee claims Chief Fixler did not comply with the procedures set forth in the statute because appellee was *immediately* suspended. Appellee contends a suspension is effective only after the Mayor issues his or her decision. We do not agree. The statute states, "[i]f an employee *is* suspended * * *, the marshal immediately shall certify this fact in writing, together with the cause for the suspension, to the mayor of the village." The use of the verb "is" indicates a suspension is active at the time the marshal serves a copy of the charges upon the employee against whom they are made. Thus, the suspension is not dependent upon the mayoral inquiry and, pursuant to the statute, takes immediate effect upon proper service of the complaint.

{¶19} Given the foregoing, we conclude the trial court erred when it vacated appellee's suspension on due process grounds. As discussed in *Pullin*, the procedures outlined in R.C. 737.19(B) are adequate to meet constitutional standards of due process. And, because each of the statutory procedures were followed in this case, there was no procedural due process violation.

{¶20} Even though the procedures set forth under R.C. 737.19(B) are sufficient to meet the demands of due process, the trial court premised its substantive conclusion on Chief Fixler's failure to follow the disciplinary policy in the departmental procedural manual. The question, therefore, becomes whether the employee disciplinary policy confers additional procedural rights to which an employee, subject to discipline, is entitled. We hold it does. The manual provides, in relevant part:

{¶21} If any member is considered for dismissal and/or suspension, the Chief of Police shall immediately certify this fact in writing, together with the cause for suspension, to the mayor of the Village, and shall immediately serve a true copy of the charges upon the person against whom they are made. *Within five days after issuing this certification, the Chief of Police shall hold a hearing to allow the member being considered for dismissal and/or suspension the opportunity to offer his own explanation of the circumstances in question. At the hearing, the Chief of Police shall review each and every allegation being made against the member, providing the member an opportunity to offer whatever response and/or explanation the member wishes to offer.* The member shall be permitted to bring a representative should he/she wish to do so. At this hearing, the member will not be permitted to question the person or persons making the allegations against him or her. After the conclusion of the hearing, the Chief of Police shall formulate a disciplinary recommendation and will forward that recommendation

8

to the Mayor, forwarding a copy to the member in question also.

(Emphasis added.)

**{¶22}** The departmental policy *mandates* that the Chief of Police hold a pre-disciplinary hearing for an employee to respond to charges before an actual suspension is imposed.  It is undisputed that Chief Fixler did not hold such a hearing or allow appellee an opportunity to offer any explanation of the circumstances surrounding the incidents prompting the October 24, 2011 complaint.  It is therefore clear that Chief Fixler violated the departmental policy on disciplinary procedure.

**{¶23}** Although R.C. 737.19(B) provides sufficient due process protections, the disciplinary policy used by the Village of Windham Police Department affords officers and other employees subject to the policies with a more expansive array of procedures, including a pre-disciplinary hearing.  And, by requiring the Chief of Police to hold such a hearing, the policy gives an employee a right to respond or defend against allegations *prior to* the imposition of actual discipline.  Legally, there is nothing problematic with a police department providing its employees with greater procedural protections than those afforded by the due process clause.  *See Kozelka v. Russell Twp.*, 11th Dist. Geauga No. 91-G-1665, 1992 Ohio App. LEXIS 3318, *8 (observing an employment manual may extend more procedural protections to an employee than that afforded by statute.)

**{¶24}** Appellants assert, however, that the policy is equivalent to an ordinance. And, to the extent Windham is a statutory village it does not have a charter and cannot exercise "home-rule" authority to pass ordinances.  Appellants' argument is misplaced.

{¶25} The disciplinary procedures at issue are policies adopted by the Village of Windham Police Department. They provide a defined course or means of proceeding, in light of given conditions, to guide and determine present and future decisions. We decline to characterize the departmental policies at issue, which are part of a greater "employee handbook," as a form of legislation akin to a city ordinance.

{¶26} With the foregoing in mind, we agree with the trial court that Chief Fixler's failure to comply with the disciplinary procedures set forth in the Village of Windham Police Department Policy and Procedure Manual violated appellee's right to a pre-disciplinary hearing. This error cannot be deemed harmless because, even though appellee eventually had an opportunity to defend against the complaint, this opportunity occurred several months after the suspension had been imposed. Had appellee been given a pre-disciplinary hearing, he would have had an earlier opportunity to respond to the charges and potentially lessen the duration of the original suspension. And even assuming the result would have been the same, holding the error harmless in this case would be tantamount to defanging the self-imposed disciplinary procedures, which the Village of Windham Police Department voluntarily adopted. Such a ruling would also suggest the Village of Windham's police chief is not personally accountable for a breach of policy, which he or she is charged with enforcing. We decline to endorse a disposition that permits these implications.

{¶27} We therefore hold that, although the imposition of a suspension without a pre-disciplinary hearing was not a due process violation, the trial court properly concluded appellee was entitled to a pre-disciplinary hearing pursuant to the

unequivocal procedural mandate set forth in the Village Of Windham Police Department's Policy and Procedures Manual.[2]

**{¶28}** Appellants' sole assignment of error lacks merit.

**{¶29}** For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

---

2. Appellants, under their sole assignment of error, additionally argue that there was no error in the Mayor presiding over the meeting at which the Village Council heard appellee's appeal. The trial court did not pass upon this issue and, as a result, there is no error to appeal.